UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMERICAN WESTERN HOME | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-126 |
| | § | |
| LYNN ISRAEL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiff American Western Home Insurance Company's Motion for Summary Judgment.  (D.E. 16.)  For the reasons stated herein, Plaintiff's Motion for Summary Judgment is GRANTED.

**I.      Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as Plaintiff is an Oklahoma corporation with its principal place of business in Ohio, and Defendants are Texas citizens. The amount in controversy exceeds $75,000. (D.E. 1 at 1-2.)[1]

---

[1] In their answer, Defendants contend that this Court lacks jurisdiction, as the amount in controversy does not exceed $75,000, and because the exercise of jurisdiction violates the Equal Protection Clause.  (D.E. 12 at 1.)  Defendants have not, however, filed a motion to dismiss for lack of subject matter jurisdiction. Defendant's Equal Protection argument is without merit, as Article III, Section 2 of the Constitution authorizes diversity jurisdiction.  Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).  With respect to the amount in controversy, the Fifth Circuit has explained, "[i]n an action for declaratory relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented." Hartford Ins. Co. v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002).  Here, it is facially apparent that the amount in controversy exceeds $75,000, in light of Mr. Mitchell's allegations in the underlying state lawsuit as described herein.  D.E. 16-2 at 3, 6-7; see Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

## II.     Factual and Procedural Background

Plaintiff filed this action in this Court on May 5, 2010, invoking this Court's diversity jurisdiction.   (D.E. 1.)   The following factual background is derived from Plaintiff's Complaint.

Plaintiff is an insurer that provides surplus lines insurance under Chapter 981 of the Texas Insurance Code.   Defendant Lynn Israel purchased a Commercial General Liability policy of insurance No. ZMO743691F from Plaintiff with effective coverage dates from May 9, 2007 to May 9, 2008 (the "Insurance Policy").   No other Defendants are named insured parties under the policy.  (D.E. 1 at 2-3.)

This action is related to <u>Michael Allen Mitchell v. Paradise Apartments, Jenney Lynn Israel aka Jenny Lynn Heno and Virginia Heno</u>, Cause No. 10-60083-4, a lawsuit pending in County Court at Law No. 4, in Nueces County, Texas (the "Underlying Case").   The Original Petition in that case states that on February 4, 2008, Michael Allen Mitchell was sleeping in his second story apartment at the Paradise Apartments in Corpus Christi, Texas, when at approximately 4:00 am he was awoken by knocking at the door. Because the door did not have a peephole, he opened the door partially and "was bull rushed by intruders who brutally assaulted him and pushed out of the second story window."  (D.E. 1 at 3.)   In this underlying action, Mitchell brought suit against his apartment complex and landlords (Defendants herein) alleging (1) negligence,[2] (2)

---

[2] Mitchell claims that Defendants were negligent because they (a) violated Texas Property Code Section 92 by failing to provide a keyless bolting device and door viewer on the exterior apartment door; (b) failed to provide reasonable and adequate security; (c) failed to investigate and monitor criminal activity surrounding the property; (d) failed to develop, institute, and enforce security procedures; (e) failed to inspect property for safety and/or security hazards; (f) failed to develop, institute, and enforce reasonable policies, practices, procedures, and guidelines for maintaining the property in a reasonably safe manner; (g) failed to properly and safely maintain the premises and apartments, including security devices in the apartment; and (h) failed to employ proper security measures on the property.  (D.E. 16-2 at 4.)

Deceptive Trade Practices Act violations,[3] (3) breach of warranty, and (4) gross negligence.  (D.E. 16-2 at 4-6.)  Mitchell seeks actual and punitive damages, along with attorney's fees.  (D.E. 16-2 at 6-7.)

Plaintiff American Western has defended Lynn Israel, Jenney Lynn Israel (aka Jenny Lynn Heno), Virginia Heno, and Paradise Apartments in the Underlying Case pursuant to a reservation of rights letter.  (D.E. 1 at 3.)  The present action was brought to determine the rights of the parties under the Insurance Policy.  Plaintiff contends that the "assault and battery" exclusion to the Insurance Policy precludes coverage in this case. The Insurance Policy's "assault and battery" exclusion provides:

> This insurance does not apply to:
>
> a.   "Bodily injury," "property damage," or "personal injury:"
>      (1) Expected or intended from the standpoint of the insured; or
>      **(2) Arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.**

(D.E. 16-1 at 7, 9) (emphasis added).

In its Motion for Summary Judgment, filed September 1, 2010, Plaintiff seeks a declaratory judgment that: (1) it has no duty to defend Lynn Israel, Jenney Lynn Israel (aka Jenny Lynn Heno), Virginia Heno, and Paradise Apartments in the Underlying Case due to the assault and battery exclusion of the Insurance Policy, and (2) it has no duty to indemnify, due to its lack of a duty to defend.  (D.E. 16 at 2, 12.)  Defendant filed a Response on September 23, 2010, and Plaintiff filed a Reply on September 27, 2010. The Court held oral arguments in this action on October 1, 2010.

---

[3] Mitchell alleges violations of Bus. & Comm. Code § 17.46(b)(5), (7), (12). (D.E. 16-2 at 4-5.)

III.    **Discussion**

A.      **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." Rivera, 349 F.3d at 247.  The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2); see also First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 270 (1968).  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v.

Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

### B.   Declaratory Judgment Act, 28 U.S.C. § 2201

Title 28 U.S.C. § 2201(a), the Declaratory Judgment Act, provides, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

The Declaratory Judgment Act does not confer federal jurisdiction; rather, the parties must provide an independent basis for jurisdiction. Comstock Oil & Gas Inc. v. Ala. & Coushatta Indian Tribes of Tex., 261 F.3d 567, 573 n. 5 (5th Cir. 2001). The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." AXA Re Property & Cas. Ins. Co. v. Day, 162 Fed. App. 316, 319 (5th Cir. 2006) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)).

### C.   Duty to Defend and Duty to Indemnify under Texas Law

As the Texas Supreme Court has explained, "[i]n liability insurance policies generally, an insurer assumes both the duty to indemnify the insured, that is, to pay all covered claims and judgments against an insured, and the duty to defend any lawsuit brought against the insured that alleges and seeks damages for an event potentially covered by the policy, even if groundless, false or fraudulent, subject to the terms of the policy. However, the duty to defend and the duty to indemnify are distinct and separate duties." D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co. Ltd, 300 S.W.3d 740, 743 (Tex. 2009); Zurich Am. Ins. Co. v. Nokia, Inc., 268 S.W.3d 487, 490 (Tex. 2008).

Because the duty to defend and the duty to indemnify are related but separate concepts, the Court addresses each separately.

### 1.   Duty to Defend

### a.   Background

To determine whether the insurer owed a duty to defend, a court must apply the "eight corners rule." Under this rule, "[a]n insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy." King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 187 (Tex. 2002). "Resort to evidence outside the four corners of these two documents is generally prohibited." Mid-Continent Cas. Co. v. JHP Development, Inc., 557 F.3d 207, 212 (5th Cir. 2009). As one court has explained, "only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the underlying claimant. Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination and allegations against the insured are liberally construed in favor of coverage." Liberty Mut. Ins. Co. v. Graham, 473 F.3d 596, 599-600 (5th Cir. 2006). "If the four corners of a petition allege

facts stating a cause of action which potentially falls within the four corners of the policy's scope of coverage, the insurer has a duty to defend."  Id.

When the insurer refuses to defend based on a policy exclusion, the insurer bears the burden of showing that the complaint's allegations trigger the exclusion.  See Harken Exploration Co. v. Sphere Drake Ins. PLC, 261 F.3d 466, 471 (5th Cir. 2001).  All doubts as to the duty to defend are resolved in favor of the insured.  King, 85 S.W.3d at 187; see Empire Indem. Ins. Co. v. Allstate County Mut. Ins. Co., 319 Fed. App. 336, 340 (5th Cir. 2009).  The duty to defend does not depend upon the truth or falsity of the allegations; a plaintiff's factual allegations that potentially support a covered claim are all that is needed to invoke the insurer's duty to defend.  JHP Development, Inc., 557 F.3d at 212.

### b.    Application

Michael Mitchell, plaintiff in the Underlying Case, brings the following causes of action arising from the assault and battery in his apartment by intruders: (1) negligence (related to maintenance of the property); (2) deceptive trade practices; (3) breach of implied warranty; and (4) gross negligence.  (D.E. 16-2 at 4-6.)

Plaintiff argues that the "assault and battery" exclusion in the Insurance Policy is applicable, and thus it has neither the duty to defend nor the duty to indemnify in the Underlying Case.   Plaintiff contends that the exclusion applies even though the Underlying Case states other causes of action, as it is based upon an underlying assault and battery.  (D.E. 16 at 7-11.)  Defendants respond that the exclusion does not apply because the Underlying Case involves premises liability rather than assault and battery. (D.E. 20.)

As noted above, the "assault and battery" exclusion in this case applies to any action "arising out of" an "assault or battery," as well as "any act or omission in connection with the prevention or suppression of an assault or battery." (D.E. 16-1 at 7, 9.) The Fifth Circuit has recognized that "[w]hen an exclusion precludes coverage for injuries 'arising out of' described conduct, the exclusion is given a broad, general, and comprehensive interpretation. A claim need only bear an incidental relationship to the described conduct for the exclusion to apply." Scottsdale Ins. Co. v. Texas Sec. Concepts and Investigation, 173 F.3d 941, 943 (5th Cir. 1999).[4]

Consistent with this interpretation, courts to have confronted situations similar to the one at bar have regularly concluded that an assault and battery exclusion precludes coverage regardless of the cause of action stated in an underlying lawsuit when the injuries complained of resulted from an assault and battery. In Tarrant County Ice Sports, Inc. et al. v. Equitable Gen. Life Ins. Co. of Oklahoma, 662 S.W.2d 129 (Tex. App. Ft. Worth 1983), an early leading case in this area, the underlying suit involved a negligence claim against an insured ice hockey team following an assault on several patrons that occurred on the team's property. The insurance company filed a declaratory judgment suit, arguing that it had no duty to defend or indemnify. The plaintiffs in the underlying suit claimed that because their suit against the insured entity alleged negligence, and because they did not contend that the insured or its agents assaulted them, their injuries should be covered under the policy. The insurance policy at issue provided "bodily injuries or death alleged to have been caused by ASSAULT AND/OR BATTERY shall

---

[4] Defendant argues that application of the eight corners rule is incorrect in this case because the phrase "arising out of" is not defined in the Insurance Policy. (D.E. 20 at 2.) The Texas Supreme Court has explained, however, that insurance policies are construed "according to the same rules of construction that apply to contracts generally. . . . Policy terms are given their ordinary and commonly understood meaning unless the policy itself shows that parties intended a different, technical meaning." Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co., 267 S.W.3d 20, 23 (Tex. 2008).

not be deemed an accident or occurrence under this Policy" and coverage is not provided for such injuries or deaths. Id. at 130-32. The court concluded that the victim's injuries were not covered under the policy, and rejected the argument that the exclusion applied only to acts of the insured and not the acts of third parties. Id. at 132. Similarly, the court in Garrison v. Fielding Reinsurance, Inc., 765 S.W.2d 536 (Tex. App.-Dallas 1989) relied upon Tarrant in concluding that an "assault and battery" exclusion in an insurance policy precluded coverage in a negligence cause of action based upon an assault by an unknown assailant in the insured establishment's parking lot. The court explained that the assault victims "would never have brought a lawsuit against [the insured] absent the assault and battery committed by the unknown assailant. The endorsement in the insurance policy excludes claims arising out of assault and battery regardless of the cause." Id. at 537-38.

In Canutillo Independent School District v. National Union Fire Insurance Co., 99 F.3d 695 (5th Cir. 1996), the Fifth Circuit provided the following summary of assault and battery exclusion cases:

> Texas courts . . . when determining whether an exclusion in an insurance contract applies, examine the factual allegations showing the origin of the damages rather than the legal theories asserted by the plaintiff. Where the legal claims asserted by the plaintiffs are not independent and mutually exclusive, but rather related to and dependent upon excluded conduct, the claims are not covered, even if asserted against an insured who did not himself engage in the prohibited conduct.
>
> . . .
>
> **We find that Texas law is clear: where a claim against an insured would not exist "but for" conduct explicitly excluded by the policy, the dependent claims are also not covered under the policy,** regardless of whether the insured against whom the derivative claims are directed actually engaged in the excluded acts.

Id. at 703-05 (emphasis added).  Thus, in Canutillo, the court found no duty to defend or indemnify due to an assault and battery exclusion, where the underlying cases alleged negligence against a school district after a teacher was found to have committed sexual assault.  The court concluded that the negligence claims were based upon the underlying assault.

Courts in this district to have considered cases very similar to the one at bar have likewise concluded that insurance companies have no duty to defend or indemnify in an underlying lawsuit alleging negligence following an assault or battery occurring on the insured's property.    For example, in Acceptance Ins. Co. v. Walkingstick, 887 F. Supp. 958 (S.D. Tex. 1995), the plaintiff in the underlying suit was shot at a nightclub, and the family sued the nightclub for negligence.  The nightclub's insurance company sought a declaratory judgment that it had neither the duty to defend nor indemnify the nightclub, due to the insurance policy's assault and battery exclusion.[5]  The court concluded that the assault and battery exclusion barred coverage because, "it is apparent from the petition filed in state court that the Walkingsticks would never have brought negligence claims against [the insured] absent the assault and battery committed by a third party on [the victim] while he was a patron of [the insured].  Accordingly, the assault and battery clause contained in the insurance policy at issue bars coverage for the negligence claims made by the Walkingsticks in the state action."  Id. at 963.

Similarly, in Century Surety Co. v. Castle, 57 F. Supp. 2d 444 (S.D. Tex. 1999), the family of an individual who was assaulted in her apartment and later died sued the

---

[5] The insurance policy in Walkingstick contained an assault and battery exclusion very similar to the one in the case at bar, precluding coverage for "Bodily Injury, including death, and/or Property Damage arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person."  887 F. Supp. at 962.

apartment owners, claiming negligence and gross negligence.  The "gravamen of the Complaint against [the insured apartment complex] [was] an alleged failure to properly secure the premises and a failure to investigate complaints regarding violence on the premises."  Id. at 445.  The insurance company sought a declaratory judgment based upon an assault and battery exclusion, and the court ruled in favor of the insurance company.  The court explained, "[c]ourts have routinely held . . . that where a party's negligence alone did not cause injuries, but instead an injury was a result of two related and interdependent events, one of them being assault and battery, the exclusion applies to bar coverage."  Id. at 447.

As a final example, in Century Surety Co. v. Glen Willows, Inc., 924 F. Supp. 76 (S.D. Tex. 1996), two individuals were assaulted in their apartment by an intruder.  The victims sued the apartment complex owners for negligence in failing to provide adequate security or training, negligent investigation of other assaults in the area, and violation of the Texas Deceptive Trade Practices Act.  The insurance company claimed it had no duty to defend or indemnify due to an assault and battery exclusion in the insurance policy, which excluded "bodily injury . . . arising out of . . . the actual or threatened assault or battery . . . ."  The court concluded that the insurance company had no duty to defend or indemnify, stating: **"[c]laims of negligence will 'arise out of assault' if the plaintiffs would not have brought the lawsuit without the assault.  Here, each negligence claim in the underlying suit stems from the intruder's assault of Cabrera and Diaz.  They would never have raised these negligence claims but for the assault**.  Because each negligence claim arises out of assault, the exclusion applies, and the insurer has no duty to defend."  Id. at 77 (emphasis added).  The court also noted that because the policy excluded bodily injuries "arising out of . . . the failure to suppress or prevent [assault or

battery] by the insured or by anyone else for whom the insured is legally responsible . . .," this also excluded the victim's inadequate security claim.  Id.

Numerous other cases have likewise concluded that an "assault and battery" insurance policy exclusion precludes coverage for lawsuits arising out of an underlying assault and battery, even when other theories of recovery are alleged.  See, e.g., Nautilus Ins. Co. v. Texas State Sec. and Patrol, 2010 WL 3239157, at *7 (W.D. Tex. June 18, 2010) ("Assault and battery exclusionary clauses exclude coverage of all claims arising out of an assault and battery regardless of the cause of action."); Essex Ins. Co. v. Bhavan, Inc., 2002 WL 1398551, at *1-4 (N.D. Tex. June 26, 2002) (victim shot by an unknown assailant while in insured's parking lot; court held that assault and battery exclusion precluded coverage for negligence action against insured); Audubon Indem. Co. v. Patel, 811 F. Supp. 264, 264 (S.D. Tex. 1993) ("Upon reviewing the insurance policy and the assault and battery exclusion, this Court finds that, as a matter of law, the insurance policy excludes any coverage arising out of the assault and battery committed upon [victim] and his wife [in insured's motel room] even if the legal theory for which [the insured] is found liable is negligence."); Burlington Insurance Company v. Mexican American Unity Council, Inc., 905 S.W.2d 359, 362 (Tex. App.-San Antonio 1995, no writ) (holding that a sexual assault on a youth home's resident was excluded from an insurance policy's coverage by an assault and battery exclusion, notwithstanding that the claim was couched in negligence).

As applied here, Mitchell's claims in the Underlying Case arose from the February 4, 2008 assault and battery in his apartment.  Although Mitchell has brought claims for negligence, gross negligence, breach of warranty, and deceptive trade practices, rather than assault and battery claims, the "assault and battery" exclusion

applies.  As Mitchell's claim against Defendants "would not exist 'but for' conduct explicitly excluded by the policy, [Mitchell's] dependent claims are also not covered under the policy."  Canutillo Indep. Sch. Dist., 99 F.3d at 705; see also, e.g., Century Surety Co., 924 F. Supp. at 77.[6]  The Court next considers Plaintiff's duty to indemnify.

### 2.    Duty to Indemnify

In Texas, "the duty to indemnify is decided only after the underlying liability case is concluded. However, where an exclusion that precludes the duty to defend would also preclude indemnity, courts are permitted to decide the duty to indemnify in advance of the underlying liability lawsuit's end."  Nautilus Ins. Co. v. Country Oaks Apartments Ltd., 566 F.3d 452, 458 (5th Cir. 2009); see Farmers Texas County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 84 (Tex. 1997) ("We now hold that the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and **the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify**.") (emphasis in original).

Defendant urges this Court to apply this rule here, as the assault and battery exclusion applies, and there is no coverage for that event under the Policy.  (D.E. 16 at 5, 11-12.)  The Court agrees.  Courts have regularly held that where there is no duty to defend on the basis of an assault and battery exclusion in an insurance policy, there is also no duty to indemnify.    See, e.g., Glen Willows, 924 F. Supp. at 77; Castle, 57 F. Supp. 2d at 448.  Consistent with those holdings, the Court concludes that because the

---

[6] Defendants' contention that the assault and battery exclusion does not apply because the underlying case is a premises liability case is contrary to established case law.  Defendants cite only Western Investments, Inc. v. Urena, 162 S.W.3d 547 (Tex. 2005), a case involving a sexual assault at an apartment complex wherein the tenant brought negligence and premises liability claims against the landlord. (D.E. 20 at 2.)  At issue on appeal was whether the landlord's acts or omissions were a substantial factor in causing the victim's injury.  This was not an insurance coverage case.

"assault and battery" exclusion precludes Plaintiff's duty to defend, Plaintiff also has no duty to indemnify in the Underlying Case.

**IV.    Conclusion**

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Summary Judgment.  (D.E. 16.)

The Court declares, pursuant to 28 U.S.C. § 2201, that Plaintiff American Western Home Insurance Company has no duty to defend or duty to indemnify Defendants Lynn Israel, Jenney Lynn Israel AKA Jenny Lynn Heno, Virginia Heno, or the Paradise Apartments, pursuant to Plaintiff's Commercial General Liability policy of insurance No. ZMO743691F, in an action in County Court at Law No. 4, <u>Michael Allen Mitchell v. Paradise Apartments, Jenney Lynn Israel AKA Jenny Lynn Heno and Virginia Heno</u>, Cause No. 10-60083-4.  This Order is binding upon Defendant Michael Allen Mitchell.

SIGNED and ORDERED this 1st day of October, 2010.

_____
Janis Graham Jack
United States District Judge